**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**LORY CLERK**                                                              **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 3:19-CV-354-HTW-LGI**

**SELECT SPECIALTY HOSPITAL-**
**JACKSON, INC.**                                                              **DEFENDANT**

---

## ORDER

---

BEFORE THIS COURT is the *Defendant's Motion for Partial Dismissal* **[Docket no. 26]** filed by Select Specialty Hospital – Jackson, Inc. ("Defendant").  Defendant, by way of its Motion, seeks dismissal of the following claims alleged in Plaintiff Lory Clerk's Complaint: harassment; hostile work environment; failure to promote; and unequal pay.  Defendant asserts these subject claims must be dismissed from Plaintiff's Complaint for failure to exhaust administrative remedies.  For the reasons stated herein, this court GRANTS Defendant's Motion for Partial Dismissal [Docket no. 26] and dismisses the named claims from this lawsuit.

## I.       BACKGROUND

Plaintiff Lory Clerk ("Plaintiff") is a 59-years old African American female[1], who initially was employed by Defendant in 2003 as a Charge Nurse. Subsequently, she was promoted to the position of House Supervisor. [Docket no. 29, p. 1].

---

[1] At the time of her original charge of discrimination against Defendant, Plaintiff was fifty-six (56) years. Plaintiff's date of birth has been submitted to this court; however, the court has deemed this information confidential and classified all personnel records as "restricted" on the court's electronic filing system. The court only brings up the subject of Plaintiff's age to illustrate fully her alleged claim for discrimination on the basis of her age.

### A.  Plaintiff's EEOC Charge of Discrimination

On August 30, 2018, Plaintiff filed a Charge of Discrimination ("EEOC Charge") against Defendant with the Equal Employment Opportunity Commission ("EEOC")[2]. [Docket no. 1-1]. Plaintiff's EEOC Charge asserted that Defendant had discriminated against her because of her race, color, sex, and age. [Docket no. 1-1].  Plaintiff's EEOC Charge further alleged that Defendant had retaliated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII")[3] and the Age Discrimination in Employment Act ("ADEA")[4]. [Docket no. 1-1].

In the EEOC Charge section titled, "Cause of Discrimination Based On (check applicable box(es))", Plaintiff checke(d boxes indicating race, color, sex, age, and retaliation. [Docket no. 1-1].  Plaintiff further included the following statement in support of her claims:

> Subjected to racial, age, and sex discrimination. In addition, subject to retaliatory action. Conduct culminated in disciplinary action on August 24, 2018. Discrimination and retaliatory conduct ongoing. Additional specifics can be provided.

[Docket no. 1-1, p. 1].

The above constituted the whole of Plaintiff's description of the events and circumstances of her EEOC Charge. Following an investigation, on March 8, 2019, EEOC issued to Plaintiff a Notice of Right to Sue. [Docket no. 1-1]. The EEOC closed its file on Plaintiff's charge, stating:

> The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. *Id.*

---

[2] Plaintiff signed the charging document on 08/30/2018, and EEOC received the Charge on 09/04/2018.  [Docket no. 1-1].  Plaintiff filed her Charge after receiving a written disciplinary action notice from Defendant.

[3] Title 42 U.S.C. § 2000e-2(a) provides: "[i]t shall be an unlawful employment practice for an employer -(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, or conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; ... ."

[4] The Age Discrimination in Employment Act of 1967 ("ADEA") protects certain applicants and employees forty (40) years of age and older from discrimination on the basis of age in hiring, promotion, discharge, compensation, or terms, conditions or privileges of employment. See 29 U.S.C.A § 621.

EEOC's Notice of Right to Sue informed Plaintiff that she had ninety (90) days from receipt of the Notice to file a lawsuit. On May 21, 2019, the Plaintiff timely commenced the instant action. [Docket no. 1].

Subsequently, on April 30, 2020, the Defendant filed the present Motion for Partial Dismissal [Docket no. 26]. Succinctly, Defendant's motion argues that Plaintiff's EEOC Charge does not include claims for harassment, hostile work environment, failure to promote, and unequal pay. Therefore, Defendant claims, Plaintiff failed to exhaust her administrative remedies before asserting these subject claims her Complaint before this court.

In her Response in Opposition to Defendant's Motion for Partial Dismissal, Plaintiff asserts, "[o]n November 13[5], 2018, correspondence was provided to the EEOC further explaining the Plaintiff's grounds for alleging violation by Select of Title VII of the Civil Rights Act of 1964. (See attached Exhibit "B")." [Docket nos. 29 and 29-2]. The letter presented to this court [Docket no. 29-2] states the purpose of the correspondence was to show […that the EEOC may further investigate this matter." *Id*. Plaintiff further refers to an email, dated June 13, 2019, from Plaintiff to Mr. David Chernow, an executive employed by Defendant. [Docket no. 29-3]. This email, explains Plaintiff, is further proof that Plaintiff's assertions regarding Defendant's discriminatory actions fell upon deaf ears and went unresolved. [Docket nos. 20 and 29-3].

Defendant, in response, claims Plaintiff's referenced correspondence was never made part of the EEOC's Charge file, and, thus, neither the EEOC nor Defendant could pursue conciliation of these claims. Defendant adds that the first time it became aware of Plaintiff's claims of

---

[5] Plaintiff's submitted letter shows the date of correspondence as November 14, 2018. This date is reflected in the letter's heading, as well as the body of the letter; therefore, this court shall treat Plaintiff's reference to November 13, 2018, to be a typographical error on Plaintiff's part.

harassment, hostile work environment, failure to promote, and unequal pay was after receiving

Plaintiff's Complaint in this civil lawsuit. [Docket no. 31].

**B.  Plaintiff's Complaint**

Plaintiff's Complaint alleges the following in support of her claims of harassment, hostile

work environment, failure to promote, and unequal pay:

10. The Defendant discriminated against the Plaintiff because of her sex and race, in
violation of § 703(a) of Title VII, including, but limited to, the following respects: (i) by
failing to promote Plaintiff on the same terms as male and Caucasian employees; (iii) by
failing to grant Plaintiff seniority and its benefits on the same basis as male and
Caucasian employees; and (iv) by failing to take appropriate measure to correct the
unemployment practices alleged herein. [Docket no. 1, p. 3].

11. …[Discrimination] consisted of, among other things, unfounded complaints made by
individuals who were the Plaintiff's supervisors concerning the Plaintiff's work; the
Plaintiff's assignment to perform menial, demeaning duties; repeated sexual and racial
insults and slurs concerning the Plaintiff, in the Plaintiff's presence and in the presence of
others…[Docket no. 1, p. 3].

14. [T]he Plaintiff has been, and continues to be, deprived of income in the form of
wages and prospective retirement benefits, promotions and advancement, and social
security and other benefits due to her as an employee solely because of her sex and race
in a sum to be proven at trial. [Docket no. 1, p. 4].

16. The Defendant has unlawfully discriminated against the Plaintiff by refusing to offer
her equal pay for equal work for a position for which she was qualified; failing to remedy
discriminatory practices of its supervisory and other personnel; and otherwise
discriminating against the Plaintiff on the basis of her sex and race. [Docket no. 1, p. 4].

18. The Defendant's intentional actions…constitute an intentional refusal to afford the
Plaintiff the same right to promotion, training, and salary, in violation of 42 U.S. C. §
1982. [Docket no. 1, p. 5].

Plaintiff asserts that the statement portion of her EEOC Charge, as well as the additional

information provided by her to the EEOC and to the Defendant are enough to show that her claims

of harassment, hostile work environment, unequal pay, and failure to promote,  reasonably grow

out of her original EEOC Charge. Plaintiff points out that her statement of personal harm in the

Charge states, inter alia, that she could provide other or "additional specifics", and which she did in fact provide to the EEOC and to the Defendant. [Docket no. 29].

Further, contends Plaintiff, because these claims reasonably grow out of her original EEOC Charge, Defendant's Motion for Partial Dismissal should be denied, as Plaintiff effectively had exhausted her administrative remedies prior to filing her Complaint with this court. [Docket no. 29][6]. This court disagrees with Plaintiff for the reasons discussed *infra*.

## II.     JURISDICTION

This court has an unwavering obligation to verify it possesses subject matter jurisdiction over this controversy.[7] Plaintiff's Complaint asserts causes of actions under Title VII[8] and the ADEA[9]; therefore, it properly invokes the federal question subject matter jurisdiction of this court under Title 28 U.S.C. § 1331[10].

## III.     DISCUSSION

Title VII's administrative exhaustion requirement is a precondition to filing suit. *Davis v. Fort Bend Cty.*, 893 F.3d 300, 306 (5th Cir. 2018); *Davenport v. Edward D. Jones & Co., L.P.*,

---

[6] This court notes that Plaintiff's Response in Opposition further requests that, as an alternative form of relief for the Plaintiff, Defendant's Motion for Partial Dismissal be held in abeyance until the parties have completed discovery. [Docket no. 29].

[7] Federal courts are obliged to examine the basis for the exercise of federal subject-matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A federal district court may examine its subject-matter jurisdiction over a matter, *sua sponte*, at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999) (a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed. 2007). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (emphasis added).*Dean v. Mozingo*, 521 F. Supp. 2d 541, 551 (S.D. Miss. 2007)(overturned on other grounds).

[8] See Footnote 3.

[9] See Footnote 4.

[10] The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
28 U.S.C.A. § 1331 (West)

891 F.3d 162, 169 (5th Cir. 2018). Simply put, before a plaintiff can pursue a claim under Title VII in a federal court, such as this one, she first must exhaust her administrative remedies by filing an administrative charge with the EEOC. 42 U.S.C. § 2000e-5; *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002); *Kebiro v. Walmart*, 193 Fed. Appx. 365, 367 (5th Cir. 2006). The "primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in [an] attempt to achieve non-judicial resolution of employment discrimination claims." *Pacheco v. Mineta,* 448 F.3d 783, 788-89 (5th Cir. 2006), cert. denied, 549 U.S. 888, 127 S.Ct. 299, 166 L.Ed.2d 154 (2006).

The United States Court of Appeals for the Fifth Circuit has repeatedly trumpeted that "Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance." *Pacheco*, 448 F.3d at 788. The Court has further explained that any such civil action may extend as far as, but no farther than, the scope of the EEOC investigation which can **reasonably be expected to grow out of the charge of discrimination**. *Id.* (emphasis added)(internal citations omitted). See also *Hague v. Univ. of Texas Health Sci. Ctr. at San Antonio*, 560 F. App'x 328, 331 (5th Cir. 2014) (where employee's EEOC charge intake sheet included only details for a sexual harassment claim, subsequent claim for sex discrimination was precluded for failure to exhaust administrative remedies).

This court, by way of another example, looks to *Gates v. Lyondell Petrochemical Co*., 227 F. App'x 409 (5th Cir. 2007), where the Fifth Circuit held that a plaintiff had failed to exhaust her administrative remedies as to unequal pay claims since her EEOC charge had included only allegations of her employer's discrete acts in terminating her and failing to promote her. *Id.* In *Gates*, the plaintiff's charge of discrimination claimed discriminatory termination and failure to promote. *Id.* Gates filed suit and attempted to enlarge her claims by asserting claims for unequal

pay, among other claims, in her Complaint. *Id.*   The Fifth Circuit affirmed the district court's dismissal of plaintiff's claims of unequal pay and hostile work environment, finding plaintiff's "unequal pay claims could not be expected to grow out of her EEOC discrimination charge when she charged only her employer's discrete acts in terminating and failing to promote her, and made no mention of a hostile work environment or unequal pay." See *Gates*, 227 F. App'x 409 (5th Cir. 2007).

This court is not inclined to dismiss Plaintiff's claims only because Plaintiff failed specifically to mention triggering formulaic words of "harassment", "hostile work environment", "unequal pay", or "failure to promote" in her EEOC Charge. See *Pacheco v. Mineta*, 448 F.3d 783 (5th Cir. 2006) ("To be clear, we do not require that a Title-VII plaintiff check a certain box or recite a specific incantation to exhaust his or her administrative remedies before the proper agency."). This court is in lockstep with the reasoning of *Pacheco,* that the **substance** of an EEOC charge, not its form, is the key characteristic for analysis.

This court finds here that Plaintiff's attached claims could not reasonably have been expected to grow out of Plaintiff's original EEOC Charge based on an assessment of all pertinent facts of this case.   Plaintiff alleges that, along with the additional information provided to the EEOC and Defendant, Plaintiff's original statement explicitly and/or implicitly references, harassment, hostile work environment, unequal pay, and failure to promote, and includes facts or allegations sufficient to place the EEOC or the Defendant on notice that such claims are part of her Complaint. This court finds to the contrary; the record herein insufficiently provides such notice.

Plaintiff's EEOC statement asserts only the following:

[s]ubjected to racial, age, and sex discrimination. In addition, subject to retaliatory action. Conduct culminated in disciplinary action on August 24, 2018. Discrimination and retaliatory conduct ongoing. Additional specifics can be provided.

[Docket no. 1-1].

Plaintiff alleges the aforementioned "additional specifics" were provided in the form of a November 14, 2018, letter purportedly sent to the EEOC by her former counsel, and an e-mail from Plaintiff to an executive employee for Defendant. [Docket nos. 29-2 and 29-3]. These documents, however, are absent from the EEOC's investigative file, which has been produced from EEOC pursuant to Defendant's request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552[11].

No documents are listed as being expunged or otherwise removed from EEOC's produced FOIA response[12]. Plaintiff's correspondence in question, therefore, was not investigated by the EEOC prior to the termination of its investigation.  Resultantly, neither the Defendant nor the EEOC had an opportunity to review the documents, and thus neither could pursue conciliation of any claims contained therein. The jurisprudence here is clear: where the EEOC charge includes only details for one type of claim, subsequent claims are precluded for failure to exhaust administrative remedies. *Hague*, 560 F. App'x 328, 331. Plaintiff, therefore, is, precluded from seeking relief under the subject additional claims alleged in her Complaint.

---

[11] FOIA provides that any person has a right, enforceable in court, to obtain access to federal agency records, except to the extent that such records (or portions of them) are protected from public disclosure by one of nine exemptions or by one of three special law enforcement record exclusions. United States Department of Justice Archives. (2020, November 6). The Department of Justice & Freedom of Information Act (FOIA). Retrieved February 4, 2021 from www.justice.gov.

[12] In its FOIA request, Defendant specifically asked EEOC to state and identify the nature of any expunged materials. [Restricted Docket no. 31-1].

This court further determines that, even if these documents had been included the EEOC investigative file, the subject claims of harassment, hostile work environment, unequal pay, and failure to promote could not reasonably have been expected to grow out of Plaintiff's EEOC Charge. Plaintiff's November 14, 2008, letter first purports to support Plaintiff's opinion that the discipline referenced in her Charge was not warranted. [Docket no. 29-2, pp, 1-5]. Plaintiff's letter then describes her view of why the discipline referenced in her Charge was retaliatory in nature. [Docket no. 29-2, pp. 6-8]. Plaintiff's November 14, 2008, correspondence fully lacks the notifying muscle Plaintiff ascribes to it.

Plaintiff's second exhibit, [Docket no. 29-2], is an e-mail correspondence dated June 13, 2019, a date which is approximately three (3) months after EEOC had closed its investigation and issued its March 8, 2019, Notice of Right to Sue. [Docket no. 1-1.] Although an earlier correspondence from February 2019, is referenced in this exhibit, the court does not have any document before it to corroborate Plaintiff's assertions therein. [Docket no. 29, p.5]. This court, therefore, finds this correspondence has no bearing upon the merits of Plaintiff's argument, as it came to light after the EEOC had effectively closed its investigation of Plaintiff's claims.

This court accordingly finds that the EEOC's investigation could not reasonably be construed to include the investigation of harassment and hostile work environment; more specifically, Plaintiff's assertion that she was allegedly subjected to "repeated sexual and racial insults and slurs concerning the Plaintiff, in the Plaintiff's presence and in the presence of others" [Docket no. 1-1, p. 3, ¶ 11].

Plaintiff further does not provide any support of her claim that Defendant failed "to promote Plaintiff on the same terms as male and Caucasian employees" , raised for the first time in her Complaint [Docket no. 1, p. 3, ¶ 10]. Finally, neither Plaintiff's EEOC Charge nor the

subsequently offered exhibits, contain any statements evidencing Plaintiff was paid less than males or employees of another race.

Plaintiff, therefore, has not satisfied her duty to exhaust all administrative remedies prior to filing this subject lawsuit. Fifth Circuit jurisprudence is unmistakable: "courts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation." *McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 273 (5th Cir. 2008). Therefore, this Court hereby dismisses the following causes of action from Plaintiff's Complaint: harassment; hostile work environment; failure to promote; and unequal pay.

IT IS HEREBY ORDERED AND ADJUDGED that Defendants' Motion for Partial Dismissal **[Docket no. 26]** is hereby **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's request to hold Defendant's Motion for Partial Dismissal [Docket no. 26] in abeyance until the parties have completed discovery is hereby **DENIED**.

SO ORDERED, this the 15th day of March, 2021.

**/s/HENRY T. WINGATE**
UNITED STATES DISTRICT JUDGE